995 F.2d 305
 301 U.S.App.D.C. 405
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Ronald F. GARDNER, Appellant.
 No. 92-3122.
 United States Court of Appeals, District of Columbia Circuit.
 May 25, 1993.
 
 Before: WALD, RUTH B. GINSBURG and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's judgment filed April 23, 1992, be affirmed. Viewing the "totality of the circumstances," we are satisfied that probable cause existed to issue the search warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). Supreme Court decisions do not require that police corroborate more than innocent details of a tip. See, e.g., Gates, 462 U.S. at 241-42; Draper v. United States, 358 U.S. 307, 313 (1959). As this court has held, a reviewing court must assess the "probable cause mix" in a nontechnical, common sense way. United States v. Laws, 808 F.2d 92, 102 (D.C.Cir.1986). Here, the affidavit submitted to the Superior Court judge included: the informant's detailed description of Gardner, his car and license tag number, his social security number and address; the informant's statement that he or she had personal knowledge of Gardner's drug activities and had seen crack cocaine and the weapon in the apartment; and an officer's corroboration of some of this information.
 
 
 3
 Further, the officers complied with the "knock and announce" requirement, 18 U.S.C. § 3109. Veteran detectives testified that police officers knocked and announced their identity at both the entrance of the building and Gardner's room. Thus, the district court did not err in denying Gardner's motion to suppress physical evidence.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.